ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Fleming Companies, Inc., et al.,[1] | Case No. 03-10945 (MFW) <br> (Jointly Administered) |
| Debtors. | Re: Docket No. 866 |

### ORDER PURSUANT TO 11 U.S.C. § 327(A), 330, 363, 365 AND 105(A) AND FED.R.BANKR.P. 2014(A), 2016 AND 5002 AUTHORIZING THE EMPLOYMENT AND RETENTION OF GLASS AND ASSOCIATES, INC. AS RESTRUCTURING ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO PRE-PETITION MANAGEMENT SERVICES AGREEMENT AND APPROVING TERMINATION AGREEMENT

Upon consideration of the application (the "Application")[2] of the above-captioned debtors-and-debtors in possession (collectively, the "Debtors") for entry of an order pursuant to sections 327(a), 330, 363, 365 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Fed.R.Bankr.P. 2014(a), 2016 and 5002 authorizing the employment and retention of Glass & Associates, Inc. ("Glass") as restructuring advisor to the Debtors pursuant to a pre-petition Management Services Agreement and approving a Termination Agreement and payment to Glass of allowed final compensation for services rendered to the Debtors and reimbursement of expenses incurred by Glass in connection therewith for the period of the Petition Date through and including April 17, 2003, and upon the affidavits of Peter S. Willmott (the "Willmott

---

[1] The Debtors are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C.; Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc. (collectively, the "Debtors").

[2] Capitalized terms not defined herein shall have the same meaning as in the Application.

Document3

Affidavit") and Jack R. Stone, Jr. (the "Stone Affidavit"); and the Court being satisfied, based on the representations made in the Application and the Stone Affidavit, that Glass represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, that Glass is a "disinterested person" as that term is defined under section 104(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Glass and performance of the Termination Agreement is necessary and in the best interests of the Debtors, their creditors and the Debtors' estates; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and it appearing that venue of this proceeding and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper notice has been given under the circumstances; and the Court having been advised at the hearing on the Application that the objections to the Application filed by (i) Deutsche Bank Trust Company Americas, in its capacity as Administrative Agent, and JPMorgan Chase Bank, in its capacity as Collateral Agent, Provider of Treasury Services and Syndication Agent, on behalf of themselves and those certain prepetition and postpetition secured lenders and (ii) the Official Committee of Unsecured Creditors were resolved and withdrawn based on the Glass' agreement to withdraw its request for an enhancement of its compensation above its hourly fees; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that, subject to the next ordered paragraph, the Debtors are authorized to employ and retain Glass as restructuring advisors on the terms set forth in the Application nunc pro tunc to April 1, 2003; and it is further

2

Document3

ORDERED that the Debtors are authorized and directed to perform the Termination Agreement, including making the payments contemplated thereby as modified by Glass' withdrawal of its request for an enhancement above its hourly fees, which shall be funded by Glass applying the retainer funds held by it to the amounts allowed by this Order and due under the Termination Agreement; and it is further

ORDERED that Glass shall return the Unallocated Retainer pursuant to the terms of the Termination Agreement; and it is further

ORDERED that notwithstanding anything to the contrary in the Termination Agreement and in particular Section 10.2 of the Termination Agreement, Debtors shall not be required to indemnify, defend or hold harmless the Glass Parties for Claims arising out of or related to acts of willful misconduct, bad faith, malfeasance, or a knowing violation of law by Glass; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2003

_____
UNITED STATES BANKRUPTCY JUDGE

Document3